```
 1
 2
 3
 4
 5
 6
 7
 8                      IN THE UNITED STATES DISTRICT COURT
 9                    FOR THE EASTERN DISTRICT OF CALIFORNIA
10   MARGARITO JESUS GARCIA,
11           Petitioner,                No. CIV-S-09-2804 FCD KJM P
12      vs.
13   WARDEN, Mule Creek State Prison,   FINDINGS AND RECOMMENDATIONS
14           Respondent.
15   _____/
```

Petitioner is a state prison inmate proceeding pro se with a civil rights action under 28 U.S.C. § 2254. Respondent has filed a motion to dismiss on the ground that the petition is not timely.

I. Background

On February 27, 2002, petitioner was sentenced to a term of fifteen years to life following his conviction for second degree murder. Lodged Document (Lodg. Doc.) 1.

On November 24, 2003, his appeal was dismissed because he did not obtain a certificate of probable cause. Lodg. Doc. 2.

Beginning in March 2007, petitioner filed a series of petitions for writs of habeas corpus in Butte County Superior Court, the Court of Appeal, and the California Supreme Court.

/////

Lodg. Docs 3-8  The Court of Appeal denied his initial petition in that court as untimely.  Lodg. Doc. 6.

Petitioner returned to the Court of Appeal in January 2009 and then again to the Supreme Court after the Court of Appeal's denial.  Lodg. Docs. 9-11.  The Supreme Court denied the last petition on April 12, 2009, citing In re Robbins, 18 Cal. 4th 770, 780 (1998) and In re Clark, 5 Cal. 4th 750 (1993).  The instant petition was filed on September 28, 2009.[1]

II. Analysis

The Antiterrorism and Effective Death Penalty Act (AEDPA) contains a statute of limitations for filing a federal habeas petition:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  When a petitioner has not sought direct review of his conviction in the

---

[1] The court relies on the date on the certificate of service under the prison mailbox rule of Houston v. Lack, 487 U.S. 266, 276 (1988).

California Supreme Court, the case is final at the expiration of the time to seek review, forty days after the Court of Appeal's decision. Smith v. Duncan, 297 F.3d 809, 812-813 (9th Cir. 2002), abrogation on other grounds recognized, Moreno v. Harrison, 245 Fed. Appx. 606 (9th Cir. 2007), cert. denied, 537 U.S. 981 (2010); Storie v. Kramer, 2009 WL 306705 at *2 (E.D. Cal.), adopted, 2009 WL 899970 (E.D. Cal. 2009); Cal. Rules of Court 8.500(e)(1) & 8.264(b)(1). In this case, the judgment was final on January 5, 2004.[2] The AEDPA statute of limitations began to run on January 6, 2004 and expired on January 6, 2005. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (applying Fed. R. Civ. P. 6(a) to computation).

The statute of limitations is tolled during the pendency of any "properly filed" state collateral attack on the judgment. Nino v. Galaza, 183 F.3d 1003, 1006-07 (9th Cir. 1999). However, a state petition filed after the limitations period has run will neither revive nor toll the statute of limitations. Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). None of petitioner's state collateral attacks was filed during the limitations period and so has any impact on it.

In opposition to respondent's motion petitioner argues the underlying merits of his habeas petition and stresses the equitable nature of the habeas remedy. The statute of limitations contains no exception for meritorious petitions or even for claims of actual innocence. Lee v. Lampert, 610 F.3d 1125, 1133 (9th Cir. 2010).

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (docket no. 14) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

---

[2] The fortieth day, January 4, 2004, was a Sunday and was not counted under California law. Cal. Code Civ. Proc. § 12(a).

1 shall be served and filed within fourteen days after service of the objections.  The parties are
2 advised that failure to file objections within the specified time may waive the right to appeal the
3 District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4 DATED: December 19, 2010.

_____
U.S. MAGISTRATE JUDGE

2

garc2804.mtd

4